UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

        Petitioner,

                                                  Case Number 09-10762

v.                                              Honorable David M. Lawson

                                               Magistrate Judge Virginia M. Morgan

MILLICENT WARREN, Warden,

        Respondent.

_____/

**ORDER DENYING THE PETITIONER'S MOTION FOR DISCOVERY OR FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

      This matter is before the Court on the petitioner's motion for discovery and for appointment of counsel. First, the petitioner wishes to obtain a copy of the transcript in his underlying state case. However, it is not a routine practice of this Court to provide copies of Rule 5 materials to a litigant in a habeas case. Habeas petitioners have no right to automatic discovery. *See Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008). The petitioner in this case fully litigated the matter in a state court and presumably had copies of the state court records and transcripts at one time. The petitioner may contact his state-court attorney to see if the attorney preserved copies of his state-court records. The Court is not inclined to provide copies of the materials until the petitioner exhausts other reasonable avenues and provides an explanation for his inability to obtain them by conventional means.

      Next, the petitioner wishes to serve interrogatories on his former counsel Alfred P. Brandt to advance his ineffective assistance of counsel claim. Yet, "'[h]abeas petitioners have no right to automatic discovery.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Rather, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts permits a petitioner "to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the

exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." R. 6 R. Gov. 2254 Cases. The petitioner has not demonstrated good cause justifying discovery in the case.

The last request contained in the plaintiff's motion is for appointment of counsel. A petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Mich. Dep't of Corrs.,* 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)). After having considered the petitioner's request, the Court finds that the interests of justice do not require appointment of counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, it is **ORDERED** that the petitioner's motion for discovery and appointment of counsel [dkt. # 20] is **DENIED without prejudice** in all respects.

>s/David M. Lawson
>DAVID M. LAWSON
>United States District Judge

Dated: October 1, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 1, 2009.

>s/Lisa M. Ware
>LISA M. WARE